IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JUSTIN FOWLER, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINE MAN TECHNOLOGIES, INC., d/b/a/ SCHWAZZE,<br><br>SCHWAZZE NEW MEXICO, LLC, and<br><br>R. GREENLEAF ORGANICS, INC.,<br><br>Defendants. | Civil Action No. 23-CV-640<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1. Plaintiff Justin Fowler is employed by the Defendants, and he brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) and as both a collective and class action pursuant to the New Mexico Minimum Wage Act (NMMWA), N.M. Stat. § 50-4-22, and under New Mexico common law, against the Defendants on behalf of himself and all others similarly situated because of Defendants' failure to pay wages in accordance with the FLSA and NMMWA. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*, the NWMWA, N.M. Stat. § 50-4-19, *et. seq.*, and under New Mexico common law.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3. Venue lies within this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff Justin Fowler is employed by Defendants in the position of budtender at Defendants' Cottonwood R. Greenleaf retail location in Albuquerque, New Mexico. Plaintiff has given his written consent to be a party-plaintiff in this action pursuant to 29 U.S.C. § 216(b). His consent is appended to this Complaint as Exhibit A. Plaintiff brings this action as a collective action on behalf of himself and all others similarly situated in accordance with 29 U.S.C. § 216(b) and the NMMWA. Plaintiff also brings this action as a class action on behalf of himself and the class defined below in accordance with Fed. R. Civ. P. 23 and the NMMWA.

5. Defendant Medicine Man Technologies, Inc. d/b/a Schwazze ("Schwazze") is a publicly traded cannabis company headquartered at 4880 Havana Street, Suite 201, Denver, Colorado, 80239. Defendant Medicine Man Technologies, Inc. owns and operates cannabis and cannabis-related retail and wholesale locations under various brand names in at least New Mexico and Colorado, including R. Greenleaf.

6. Defendant Schwazze does business in New Mexico as Defendant Schwazze New Mexico, LLC, a New Mexico limited liability company. The mailing address, principal place of business and corporate headquarters of Defendant Schwazze New Mexico, LLC, is 4880 Havana Street, Suite 201, Denver, CO 80239. Defendants Schwazze and Schwazze New Mexico, LLC, can be served through their registered agent, Corporation Service Company, at 110 E. Broadway Street, Hobbs, New Mexico 88240.

7. Defendant R. Greenleaf Organics, Inc., is a New Mexico corporation with a mailing address and principal place of business at 1920 Columbia Drive SE, Suite B, Albuquerque, NM 87106. The corporate officers and directors of R. Greenleaf Organics, Inc., are the corporate

officers and directors of Defendant Schwazze. Defendant R. Greenleaf Organics, Inc., can be served in New Mexico through its registered agent, Corporation Service Company, at 110 E. Broadway Street, Hobbs, New Mexico 88240.

8. Defendants are each an "employer" within the meaning of 29 U.S.C. § 203(d), and N.M. Stat. § 50-4-21(B). Defendants are each a "person" within the meaning of 29 U.S.C. § 203(a)

9. At all times material to this action, Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.

10. At all times material herein, Defendants have been actively conducting business in New Mexico.

**FACTS**

11. Defendant Schwazze is a "super regional end-to-end growth operator"[1] that owns and operates cannabis dispensaries, cultivators, and other related services in Colorado and New Mexico. Defendant Schwazze does business in New Mexico as Schwazze New Mexico, LLC.

12. Defendant Schwazze fashions itself as a "house of brands"[2] and owns and operates multiple retail cannabis brand names, including Starbuds, Emerald Fields, Everest, and R. Greenleaf. R. Greenleaf operates in New Mexico as R. Greenleaf Organics, Inc.

13. The R. Greenleaf brand operates entirely in New Mexico. There are at least 18 stores under the R. Greenleaf name across the state that are owned and operated by Defendants.

14. Defendants are rapidly expanding and continue to purchase smaller regional cannabis companies. For example, Defendants recently acquired Everest, a cannabis dispensary with 14 stores across New Mexico.

---

[1] https://schwazze.com/our-story/
[2] https://ir.schwazze.com/

3

15. Plaintiff has been employed by Defendants at R. Greenleaf as a budtender from March 2022, continuing through the present.

16. Plaintiff primarily works at the Cottonwood R. Greenleaf location, located at 10250 Cottonwood Park NW, Albuquerque, New Mexico, 87114, but has on occasion worked at another location as well.

17. Defendants' stores sell a variety of cannabis products for medical purposes, as well as for recreational purposes in states where such sales are legal.

18. New Mexico legalized the recreational sale of cannabis products on April 1, 2022.

19. Prior to the legalization of recreational cannabis, Defendants' stores in New Mexico operated solely as medical cannabis dispensaries. Since April 1, 2022, Defendants' New Mexico retail locations have sold cannabis products for recreational use.

20. Defendants' stores are staffed by three classifications of employees: a store manager, supervisors, and budtenders. In each store, there are typically 5-8 budtenders, 1-3 supervisors, and 1 store manager.

21. As a result of this staffing complement, supervisors and the store manager are typically scheduled to work more hours per day and/or per week than the budtenders.

22. Budtenders work on the sales floor and at the cash register assisting customers in the selection of cannabis products. Budtenders also work in the back packing products.

23. As a budtender, Defendants pay Plaintiff at an hourly rate of $15.75 per hour. Plaintiff also customarily and regularly earns more than $30 per month in tips.

24. Supervisors oversee the budtenders and work in the back office conducting inventory and completing paperwork, among other managerial tasks. Upon information and belief, supervisors earn $18.75 per hour, plus tips.

25. Budtenders are regularly asked to work at Defendants' other stores, including those of other brands, as needed. Budtenders can seamlessly transition among stores because all of Defendants' stores use the same computer system.

26. It is common in the industry for cannabis dispensary customers to leave tips. As such, when recreational cannabis sales became legalized in New Mexico on April 1, 2022, Defendants began permitting its staff to accept customer tips at its stores, including at stores under the R. Greenleaf brand.

27. Since April 2022, customers at R. Greenleaf and other stores owned by Defendants have left tips for budtenders consistent with industry custom.

28. At R. Greenleaf stores, as well as other stores owned by Defendants, customers can purchase products in one of two ways, with cash or with a debit card. Defendants' stores, including R. Greenleaf, do not accept credit cards. Customers can leave tips regardless of their method of payment.

29. Specifically, customers can leave tips in one of two ways. First, there is a tip jar located in front of each cash register where customers can leave cash tips. Second, if customers pay with a debit card, they are able to leave a debit tip through the electronic payment system.

30. Pursuant to company-wide policy and practice, Defendants use a mandatory tip pool system to distribute tips, both cash and debit, to employees.

31. Pursuant to company-wide policy and practice, cash tips are distributed to employees daily. At the end of each workday, the cash tips are pooled and divided among the budtenders and supervisors in proportion to the total number of hours each employee worked that day.

32. Pursuant to company-wide policy and practice, debit tips are distributed on a biweekly basis through employees' paychecks. The debit tips are pooled and divided among budtenders and supervisors the same way that cash tips are pooled and divided—in proportion to the total number of hours each employee worked during the relevant period.

33. Because of how Defendants' retail stores are staffed, when the tips are distributed through the mandatory tip pool based on total hours worked, supervisors receive a larger portion of the tips than do budtenders, even though the budtenders perform the customer-facing work.

34. For approximately 2-3 months in the summer of 2022, Defendants ordered catered lunches for the store employees with tips taken from the tip pool. The lunches were for all employees, including the budtenders, supervisors, and store manager. This practice happened in at least one R. Greenleaf location.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND NMMWA

35. Defendants have violated the provisions of the FLSA and NMMWA, resulting in damages to Plaintiff and those similarly situated to Plaintiff, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

36. As a result of the failure to pay wages in accordance with the FLSA and NMMWA, Plaintiff, as well as those similarly situated to Plaintiff, have suffered monetary damages by failing to receive their lawfully owed tips during their tenure of employment with Defendants. In addition to the amount of unpaid tips owing to the Plaintiff and those similarly situated to the Plaintiff, Plaintiff and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b). Under N.M. Stat. § 50-4-26, Plaintiff and those similarly situated to Plaintiff are entitled to an additional amount equal to two times the amount of unpaid tips as liquidated damages owing to Plaintiff and those similarly situated.

37. Plaintiff and those similarly situated to Plaintiff are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b) and N.M. Stat. § 50-4-26(E).

38. Defendants' actions in failing to compensate Plaintiff and other similarly situated employees of Defendant in accordance with the provisions of the FLSA and NMMWA were willful and not in good faith.

39. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and NMMWA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the position of budtender at Schwazze-owned retail stores and who participated in a mandatory tip pool should receive notice and be given the opportunity to join the present lawsuit.

## CLASS ACTION FOR VIOLATIONS OF THE NMMWA

40. Defendants have violated the provisions of the NMMWA, resulting in damages to Plaintiff and all Class Members in the form of withheld tips, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

41. The NMMWA permits class actions. N.M. Stat. § 50-4-26(D).

42. The Class is defined as follows: All individuals employed by Defendants as hourly-paid budtenders in Schwazze-owned retail stores in New Mexico who participated in a mandatory tip pool at any time within the past three years.

43. Upon information and belief, there are in excess of 100 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number

of such persons is unknown, Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

44. There are questions of law and fact common to the members of the Class, including but not limited to whether the Defendants violated the NMMWA by implementing an unlawful tip pool that, among other things, required sharing of tips with non-wait staff in violation of N.M. Stat. § 50-4-22(C).

45. Other common questions of law and fact include, but are not limited to:

(a) Whether the Defendants required Plaintiff and Class Members to participate in a tip pool that unlawfully included supervisors;

(b) Whether Defendants unlawfully withheld tips from Plaintiff and Class Members and used those tips to purchase meals for all staff;

(c) Whether as a result of the violations of the NMMWA, the Plaintiff, as well as all members of the Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants and are entitled to an additional amount equal to two times the amount of unpaid or unlawfully withheld tips pursuant to N.M. Stat. § 50-4-26(C);

(d) Whether Defendants were unjustly enriched by their practices; and

(e) Whether as a result of violations of the NMMWA, the Plaintiff and the members of the Class are also entitled to an award of attorneys' fees.

46. The claims of Plaintiff Fowler are typical of all members of the Class. Plaintiff Fowler has the same interests in this matter as all members of the Class.

47. Plaintiff Fowler is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation to represent the Class.

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all times material herein, Plaintiff and similarly situated budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

50. Under the FLSA, an "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

51. Defendants' mandatory tip pool included not only budtenders, but also the supervisors in violation of 29 U.S.C. § 203(m)(2)(B).

52. Any time Defendants utilized customer tips from the tip pool to purchase meals for staff, Defendants unlawfully withheld those tips from budtenders in violation of the FLSA.

53. The mandatory tip pool which unlawfully included the supervisors and/or from which Defendants unlawfully used tips to purchase meals for staff resulted in Plaintiff and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

54. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

55. As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the

Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

56. The employment and work records for the Plaintiff and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's and similarly situated persons' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## COUNT TWO

### VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times material herein, Plaintiff and all similarly situated hourly-paid budtenders in New Mexico have been entitled to the rights, protections, and benefits provided under the NMMWA, N.M. Stat. § 50-4-19, *et. seq*.

59. The NMMWA states that "[a]ll tips received by such employees shall by retained by the employee, except that nothing in this section shall prohibit the pooling of tips among wait staff." N.M. Stat. § 50-4-22(C).

60. Since April 2022, Defendants have required budtenders to pool tips and has distributed the tips via tip pool, which included supervisors.

61. Since April of 2022, Defendants have consistently denied Plaintiff and all Class Members the tips to which they are entitled to under the NMMWA by:

      (a) Requiring budtenders to participate in a tip pool of non-wait staff;

      (b) Distributing the tips from the tip pool to supervisors; and

      (c) Using tips to purchase meals for all staff.

62. As a result of the aforesaid willful violations of the NMMWA, compensation has been unlawfully withheld by Defendants from Plaintiff and all Class Members, for which the Defendant is liable, together with an additional amount equal to two times the unpaid wages as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action. N.M. Stat. § 50-4-26.

63. The employment and work records for the Plaintiff and Class Members are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him and to the Class. Defendants are under a duty imposed by N.M. Stat. § 50-4-9 to maintain and preserve Plaintiff's and Class Members' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## COUNT THREE

### UNJUST ENRICHMENT

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Plaintiff and the Class are entitled to retention of all of the tips paid to them by customers.

66. Defendants failed to properly account for the tips paid to Plaintiff and the Class and retained the fruits of the labor of Plaintiff and the Class, and retained the monies that should have been paid to Plaintiff and the Class as tips.

67. Defendants were unjustly enriched by their refusal to pay Plaintiff and the Class

all tips owed and have benefited at their expense.

68.  Defendants should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court grant relief against the Defendants as follows:

(a)  Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated Plaintiff's statutory and legal obligations and deprived Plaintiff and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)  Order a complete and accurate accounting of all the compensation to which the Plaintiff, all others who are similarly situated and the Class Members are entitled;

(c)  Award Plaintiff, and all others who are similarly situated, monetary damages under the FLSA in the form of back pay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(e)  Award Plaintiff, all others who are similarly situated, and all Class Members, monetary damages under New Mexico law, N.M. Stat. §§ 50-4-26(C), (E), in the form of back pay compensation and benefits; interest; and an additional amount equal to two times the amount of unpaid wages as liquidated damages;

(h)  Award Plaintiff, all those similarly situated, and all Class Members their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

(i)  Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial in this action.

Dated: August 1, 2023  Respectfully submitted,

*/s/ Stephen Curtice*
Shane Youtz
Stephen Curtice
James A. Montalbano
Youtz & Valdez PC
900 Gold Ave. SW
Albuquerque, NM 87102
Telephone: (505) 244-1200
shane@youtzvaldez.com
stephen@youtzvaldez.com
james@youtzvaldez.com


*/s/ Molly A. Elkin*
Molly A. Elkin (*pro hac vice to be submitted*)
Sarah M. Block (*pro hac vice to be submitted*)
Rachel Lerner (*pro hac vice to be submitted*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

*Attorneys for Plaintiff*