# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JUSTIN FOWLER, and all others similarly situated,

        Plaintiff,

vs.

MEDICINE MAN TECHNOLOGIES, INC. d/b/a SCHWAZZE,

SCHWAZZE NEW MEXICO, LLC, and

R. GREENLEAF ORGANICS, INC.,

        Defendants.

Case No: 1:23-CV-00640-KK-SCY

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Medicine Man Technologies, Inc. d/b/a Schwazze ("Schwazze"), Schwazze New Mexico, LLC and R. Greenleaf Organics, Inc. ("Defendants"), hereby submit their Answer and Affirmative Defenses to Plaintiff's Collective and Class Action Complaint (the "Complaint") as set forth below. Unless specifically admitted herein, Defendants deny each factual allegation of the Complaint.[1]

    1.    Defendants admit Plaintiff is asserting claims as detailed in Paragraph 1 of the Complaint but deny violating any laws that support a claim for relief requested by Plaintiff. Defendants further deny that Plaintiff is "similarly situated" to individuals he purports to represent, that this lawsuit is suitable for collective or class action treatment, that Plaintiff meets the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiff

---

[1] Defendants file this Answer on behalf of all three named Defendants. However, Medicine Man Technologies, Inc.; Schwazze New Mexico, LLC; and R. Greenleaf Organics, Inc. did not employ Plaintiff. Instead, the employer is Two J's LLC d/b/a Big Tomato, a wholly-owned subsidiary of Defendant Medicine Man Technologies, Inc.

is entitled to relief. Defendants further deny that Medicine Man Technologies, Inc.; Schwazze New Mexico, LLC or R. Greenleaf Organics, Inc. is or was Plaintiff's employer during the relevant limitations period. Rather, Defendant Schwazze admits that Plaintiff is employed by Two J's LLC d/b/a Big Tomato ("Big Tomato"), a wholly-owned subsidiary of Schwazze. Defendants deny the remainder of the allegations.

## JURISDICTION AND VENUE

2. Defendants state that Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Defendants deny the remainder of the allegations.

3. Defendants state that Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute that that venue for this matter is proper.

## PARTIES

4. Defendant Schwazze denies that Medicine Man Technologies, Inc.; Schwazze New Mexico, LLC; or R. Greenleaf Organics, Inc. is or was Plaintiff's employer during the relevant limitations period. Rather, Defendant Schwazze admits that Plaintiff is employed by Big Tomato as a budtender at the Cottonwood R. Greenleaf retail location in Albuquerque, New Mexico. Defendant Schwazze further admits that Plaintiff filed a purported consent in this lawsuit attached as Exhibit A to his Complaint but denies that Plaintiff is "similarly situated" to individuals he purports to represent, that this lawsuit is suitable for collective or class action treatment, that Plaintiff meets the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiff is entitled to relief. Defendants deny the remainder of the allegations.

5. Defendant Schwazze admits the allegations in Paragraph 5 of the Complaint. As to

the other Defendants, deny.

6. Defendant Schwazze and Schwazze New Mexico, LLC admit the mailing address, principal place of business, and corporate headquarters of Defendant Schwazze New Mexico, LLC, is 4880 Havana Street, Suite 201, Denver, CO 80239 and that Defendants Schwazze and Schwazze New Mexico, LLC, can be served through their registered agent, Corporation Service Company, at 110 E. Broadway Street, Hobbs, New Mexico 88240. Defendant Schwazze and Schwazze New Mexico, LLC deny the remainder of the allegations. As to R. Greenleaf Organics, Inc., deny.

7. Defendant Schwazze and R. Greenleaf Organics, Inc. admit that R. Greenleaf Organics, Inc. is a New Mexico non-profit corporation with a mailing address and principal place of business at 1920 Columbia Drive SE, Suite B, Albuquerque, NM 87106, that the corporate officers and directors of R. Greenleaf Organics, Inc., are the corporate officers and directors of Defendant Schwazze, and that it can be served in New Mexico through its registered agent, Corporation Service Company, at 110 E. Broadway Street, Hobbs, New Mexico 88240. Defendant Schwazze and R. Greenleaf Organics, Inc. deny the remainder of the allegations. As to Defendant Schwazze New Mexico, LLC, deny.

8. Defendants state that Paragraph 8 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that each Defendant is a "person" within the meaning of 29 U.S.C. § 203(a) but deny that any Defendant acted as Plaintiff's "employer" under the Fair Labor Standards Act (FLSA) or New Mexico Minimum Wage Act (NMMWA).

9. Defendant Schwazze admits the allegations in Paragraph 9 of the Complaint to the extent it is referring to Defendant Schwazze. As to the other Defendants, deny.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

## **FACTS**

11. Defendant Schwazze admits the allegations in Paragraph 11 of the Complaint. As to the other Defendants, deny.

12. Defendant Schwazze admits the allegations in Paragraph 12 of the Complaint. As to the other Defendants, deny.

13. Defendant Schwazze and R. Greenleaf Organics, Inc. admits Defendant R. Greenleaf Organics, Inc. owns 19 stores under the R. Greenleaf brand, all of which are in New Mexico. Defendants deny the remainder of the allegations.

14. Defendant Schwazze admits that it continues to analyze potential opportunities for growth and that it now manages Everest Apothecary, Inc. ("Everest") through a recent acquisition. Defendants deny the remainder of the allegations.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendant Schwazze admit the allegations in Paragraph 16 of the Complaint. As to the other Defendants, deny.

17. Defendant Schwazze admits that it is the parent company for retail stores that sell a variety of cannabis products for medical and recreational purposes in Colorado and New Mexico. Defendants deny the remainder of the allegations.

18. Defendants state that Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that New Mexico legalized recreational marijuana for adults on April 1, 2022. Defendants deny the remainder of the allegations.

19. Defendant Schwazze admits that R. Greenleaf-branded stores operated solely as medical cannabis dispensaries in New Mexico prior to April 1, 2022, and since April 1, 2022,

4

certain locations now sell cannabis products for recreational use. Defendant Schwazze further admits on or about June 5, 2023, it acquired certain assets of Sucellus, LLC, pursuant to which it manages Everest, which sells both medical and recreational cannabis. Defendants deny the remainder of the allegations.

20.     Defendant Schwazze admits that Plaintiff's store consists of three employee positions: a store director/manager, a shift lead, and a budtender. Defendant Schwazze further admits the store director/manager position at Plaintiff's store is an exempt position while the shift lead and budtender positions are non-exempt positions. Defendants deny the remainder of the allegations.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendant Schwazze admits the allegations in Paragraph 22 of the Complaint as to Plaintiff's store.  Defendants deny the remainder of the allegations.

23.     Defendant Schwazze admits Plaintiff customarily and regularly earns more than $30 per month in tips. Defendant Schwazze denies the remainder of the allegations, and expressly denies any implication that any Defendant acted as Plaintiff's employer. As to the other Defendants, deny.

24.     Defendant Schwazze admits that shift leads at Plaintiff's store may perform a handful of supervisory tasks from week to week. Defendants deny the remainder of the allegations.

25.     Defendant Schwazze admits that budtenders in Plaintiff's store may occasionally be asked to provide coverage at other New Mexico stores. Defendants deny the remainder of the allegations.

26.     Defendant Schwazze admits that Plaintiff's store began permitting non-management staff to accept customer tips at its stores after recreational cannabis sales were

legalized in New Mexico on April 1, 2022. Defendant Schwazze further admits that customers may choose to leave tips when visiting Plaintiff's store. Defendants deny the remainder of the allegations.

27. Defendant Schwazze admits that customers at Plaintiff's store left tips for budtenders. Defendants deny the remainder of the allegations.

28. Defendant Schwazze admits customers can purchase products and leave tips at Plaintiff's store using cash or a debit card but not a credit card. As to the other Defendants, deny.

29. Defendant Schwazze admits customers at Plaintiff's store may leave cash tips in a tip jar or may leave a tip using their debit card. Defendants deny the remainder of the allegations.

30. Defendant Schwazze admits cash and debit tips at Plaintiff's store are pooled and distributed to non-management employees. Defendants deny the remainder of the allegations.

31. Defendant Schwazze admits cash tips at Plaintiff's store are distributed to employees daily. Defendant Schwazze further admits the cash tips from each workday are currently pooled and divided among the budtenders and shift leads in proportion to the total number of hours each employee worked that day. Defendants deny the remainder of the allegations.

32. Defendant Schwazze admits that debit tips at Plaintiff's store are distributed on a biweekly basis through employees' paychecks. Defendant Schwazze further admits the debit tips are currently pooled and divided among budtenders and shift leads in proportion to the total number of hours each employee worked during the relevant period. Defendants deny the remainder of the allegations.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND NMMWA

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

## CLASS ACTION FOR VIOLATIONS OF THE NMMWA

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants state that Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is "similarly situated" to individuals he purports to represent, that this lawsuit is suitable for collective or class action treatment, that Plaintiff meets the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiff is entitled to relief.

42. Defendants state that Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is "similarly situated" to individuals he purports to represent, that this lawsuit is suitable for collective or class action treatment, that Plaintiff meets the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiff is entitled to relief.

43. Defendants state that Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is "similarly situated" to individuals he purports to represent, that this lawsuit is suitable for collective or class action treatment, that Plaintiff meets the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiff is entitled to relief.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Defendants reallege and incorporate their responses to all previous paragraphs as though fully set forth herein.

49. Defendant Schwazze admits that Plaintiff and other individuals in the budtender position are entitled to certain rights, protections, and benefits under the FLSA. Defendants deny the remainder of the allegations.

50. Defendants state that Paragraph 50 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the FLSA speaks for itself but deny any implication that any Defendant acted as Plaintiff's employer or violated any laws that support a claim for relief requested by Plaintiff.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants state that Paragraph 56 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the FLSA speaks for itself. Defendant Schwazze admits that it has access to employment and work records for Plaintiff and putative class or collective members. Defendants deny the remainder of the allegations.

## COUNT TWO
## VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

57. Defendants reallege and incorporate their responses to all previous paragraphs as though fully set forth herein.

58. Defendant Schwazze admits that Plaintiff and other individuals in the budtender position are entitled to certain rights, protections and benefits under the NMMWA. Defendants deny the remainder of the allegations.

59. Defendants state that Paragraph 59 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the NMMWA speaks for itself but deny any implication that any Defendant acted as Plaintiff's employer or violated any laws that support a claim for relief requested by Plaintiff.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants state that Paragraph 63 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the FLSA speaks for itself. Defendant Schwazze admits that it has access to employment and work records for Plaintiff and Putative Class Members.  Defendants deny the remainder of the allegations.

## COUNT THREE
## UNJUST ENRICHMENT

64. Defendants reallege and incorporate their responses to all previous paragraphs as though fully set forth herein.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

Defendants are not required to affirm or deny Plaintiff's Prayer for Relief, but affirmatively states there are no grounds in fact or law that warrant the granting of any of the relief sought by Plaintiff. Accordingly, Defendants deny that Plaintiff or the putative class or collective members are entitled to any of the relief requested, or any relief at all, and to the extent the Prayer contains any factual allegations, Defendants deny the allegations contained therein.

## JURY TRIAL DEMAND

Defendants are not required to affirm or deny demand for a jury trial, but affirmatively states there are no grounds in fact or law that warrant the granting of any of the relief sought by Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims fail because Plaintiff and any putative class or collective members were not employees of any Defendant.

2. If Plaintiff is found to be an employee of any Defendant, which Defendants expressly deny, to the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, including but not limited to the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) and/or N.M. Stat. Ann. 37-1-5, such claims are barred. This defense also may apply to the claims of some or all of the putative class or collective members.

3. If Plaintiff is found to be an employee of any Defendant, which Defendants expressly deny, Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259 and New Mexico law because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written and unwritten administrative

regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense also may apply to the claims of some or all putative class or collective members.

4. If Plaintiff is found to be an employee of any Defendant, which Defendants expressly deny, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and New Mexico law, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the NMMWA. This defense also may apply to the claims of some or all putative class or collective members.

5. If Plaintiff is found to be an employee of any Defendant, which Defendants expressly deny, Defendants did not allow managers or supervisors to keep any portion of an employee's tip. Only non-exempt/non-management employees are allowed to participate in the tip pool. Such employees also qualify as "wait staff" under N.M. Stat. Ann. 50-4-22(D)(6).

6. To the extent that Plaintiff states a claim against Defendants, Plaintiff's claim cannot be maintained as a class action because Plaintiff is not an adequate collective/class action representative and issues pertaining to Plaintiff are not sufficiently particular to any other putative class or collective members.

7. The Complaint fails to state a cognizable class under 29 U.S.C. § 216, Federal Rule of Civil Procedure 23, and/or any other applicable rule or law governing the maintenance of collective or class actions, including but not limited to Plaintiff's overly broad class definition.

8. Plaintiff's class action allegations fail to establish the requisite numerosity, commonality, typicality of claims and defenses, and representative status and/or standing, or the

prongs of predominance or superiority pursuant to Federal Rule of Civil Procedure 23. If the Court certifies a class in this case over Defendants' objections, then Defendants assert the additional defenses set forth herein against each and every member of the certified class.

9. Plaintiff's claims preclude certification of any purported NMMWA class or FLSA collective because the determination of liability for Plaintiff and each putative class and collective member would be highly individualized and would predominate over any trial.

10. Plaintiff cannot establish the necessary procedural elements for collective treatment. If the Court conditionally certifies a collective in this case over Defendants' objections, then Defendants assert the additional defenses set forth herein against each and every member of the certified collective.

11. Plaintiff's claims, and the claims of any putative class or collective member, are barred to the extent that they approved and ratified the actions complained of in the Complaint.

12. Plaintiff's alleged damages, and the alleged damages of any putative class or collective member, if any, were caused by their own actions or omissions, or the actions or omissions of third parties.

13. Defendants allege that Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all stated claims. This defense may also apply to the claims of some or all putative class or collective members.

14. Liability and/or damages, if any, to each member of the putative class or collective may not be determined on a group-wide basis based on representative discovery and permitting this action to proceed as a class or collective action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution and any applicable provision of the New Mexico constitution.

15. Plaintiff may not recover any damages or other relief to the extent such relief is duplicative. This defense may also apply to the claims of some or all putative class or collective members.

16. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

17. Plaintiff's claim for unjust enrichment is barred, in whole or in part, as Plaintiff has a complete and adequate remedy at law.

18. Plaintiff's claims are barred to the extent Plaintiff petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

19. Defendants reserve the right to assert additional defenses or claims which may become known during the course of investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered on Plaintiff's Complaint in favor of Defendants, and that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

2. That Plaintiff take nothing from his Complaint;

3. That the Court award Defendants the costs they incurred in having to defend against Plaintiff's claims; and

4. That the Court award Defendants such other and further relief as the Court deems just and proper.

Dated:  August 31, 2023	Respectfully submitted,

*/s/ David B. Jordan*
David B. Jordan
*Pro Hac Vice forthcoming*
djordan@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:	713.951.9400
Facsimile:	713.951.9212

Kimberly Kauffman
*Pro Hac Vice forthcoming*
kkauffman@littler.com

LITTLER MENDELSON, P.C.
1000 Congress Avenue, Suite 1400
Austin, TX  78701
Telephone:	512.982.7250

*Attorneys for Defendants*

I hereby certify that, on this 31st day of August, 2023, I filed the foregoing using CM/ECF, which caused service by electronic means on Plaintiff and all counsel of record as follows:

Shane Youtz
Stephen Curtice
James A. Montalbano
Youtz & Valdez PC
900 Gold Ave. SW
Albuquerque, NM 87102
Telephone: (505) 244-1200
shane@youtzvaldez.com
stephen@youtzvaldez.com
james@youtzvaldez.com

Molly A. Elkin
Sarah M. Block
Rachel Lerner
McGillivary Steele Elkin LLP
1101 Vermont Ave., NW, Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

*Attorneys for Plaintiff*

*/s/ David B. Jordan*
David B. Jordan