IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN FOWLER, and all others similarly
situated,

        Plaintiff,

        vs.                                                               Civ. No. 23-640 WJ/SCY

MEDICINE MAN TECHNOLOGIES, INC.,
d/b/a/ SCHWAZZE, SCHWAZZE NEW
MEXICO, LLC, and R. GREENLEAF
ORGANICS, INC.,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On April 1, 2024, the Honorable William P. Johnson preliminarily approved settlement of this class action lawsuit and referred the final fairness hearing to me. Doc. 35. On July 17, 2024, I held the final fairness hearing (Doc. 44). At this fairness hearing I addressed in more detail relevant considerations under Federal Rule of Civil Procedure 23 and case law related to class actions. By reference, I include my analysis and findings from this hearing into the present Proposed Findings and Recommended Disposition ("PFRD") as to the parties' unopposed Motion for Final Approval of Class Settlement (Doc. 42) and Plaintiff's Unopposed Motion For Attorneys' Fees And Litigation Expenses (Doc. 43). I recommend that the Court grant the motions and make the following findings as to the class action settlement.

## PROCEDURAL HISTORY

Plaintiff filed this class action complaint on August 1, 2023, alleging violations of the Fair Labor Standards Act ("FLSA"), the New Mexico Minimum Wage Act ("NMMWA"), and New Mexico common law. Doc. 1. Specifically, Plaintiff alleged that Defendants denied him and similarly situated "budtenders" proper compensation by requiring them to participate in a

1

mandatory tip pool that unlawfully included Shift Leads and unlawfully distributed pooled tips to these Shift Leads, whom Plaintiff alleged were supervisors. Doc. 34 at 2.

As of the time of the filing of the motion for preliminary settlement approval, there were 19 opt-in FLSA Plaintiffs (10 New Mexico opt-ins and 9 Colorado opt-ins) who have filed consent-to-sue forms with the Court. Doc. 34 at 2-3. There were 241 putative members of the "New Mexico Class" (i.e., the Named Plaintiff, the 10 New Mexico Opt-In Plaintiffs, and the persons identified by unique employee identification numbers in the data produced by Defendants who worked for one or more workweeks as budtenders in New Mexico at Defendants' retail store locations operating under the brand name R. Greenleaf between April 1, 2022—the date that Defendants began permitting budtenders and Shift Leads to accept tips from customers in New Mexico—and December 23, 2023, the date that Defendants ceased requiring the mandatory pooling of tips). *Id.* at 3. With the Colorado opt-ins, this number adds up to 250, but the motion for final approval indicates there are only 249 class members following further investigation. Doc. 42 at 4 & n.4.

During a scheduling conference on October 17, 2023, the parties informed the Court that they were voluntarily entering mediation. Doc. 34 at 3. In preparing for mediation, counsel exchanged information and data and engaged in good faith settlement negotiations. *Id.* Counsel, the named class representative, and Defendants' representatives participated in mediation on February 1, 2024. *Id.* No agreement was reached at the time, but on February 8, the parties accepted a mediator's proposal. *Id.* Since that time, the parties have continued to work to narrow the issues, identify areas of agreement, and have made additional concessions where appropriate leading ultimately to the Agreement attached to the motion for preliminary approval. *Id.*; Doc. Doc. 34-2.

Judge Johnson granted preliminary approval of the settlement and referred the case to me "to conduct hearings, if warranted, including fairness and evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the settlement." Docs. 35 & 36. I held a status conference on April 8, 2024, during which I requested the parties make alterations to the proposed class notice. Doc. 40 (clerk's minutes). The parties made the changes, Doc. 41, and the settlement administrator sent notice to the class. I held a final fairness hearing on July 17, 2024, at which I indicated I would recommend approval of the settlement and the application for attorney's fees.

Although it is not settled under the case law whether court approval is required for a settlement of claims under the FLSA, the parties moved for court approval of both the FLSA and the Rule 23 settlement. Docs. 34 & 42; *see Cisneros v. EP Wrap-It Insulation, LLC*, No. 19-500, 2021 WL 2953117, at *2 (D.N.M. Jul. 14, 2021). "This district court and many others in this circuit have taken the position that approval of a collective settlement under the FLSA is limited to determining that the parties have a bona fide dispute and that there is no apparent defect in the parties' negotiations. As the standard for settlement approval under Rule 23 is considerably stricter and fairly subsumes the FLSA standard, the Court will presume that a settlement approved under Rule 23 can also be approved under the FLSA." *Id.* (citation omitted).

## **RECOMMENDED FINDINGS**

First, I recommend that the Court finally certify the class for settlement purposes. As preliminarily approved, the settlement class should be certified as:

> The Named Plaintiff, the New Mexico Opt-In Plaintiffs, and the persons identified by Defendants by unique employee identification numbers in the data produced by Defendants on December 15, 2023, and March 2, 2024, who worked for one or more workweeks as budtenders in New Mexico at Defendants' retail store locations operating under the brand name R. Greenleaf between April 1, 2022, the date that Defendants began permitting budtenders and Shift Leads to accept tips from customers, and December 23, 2023, the date that Defendants ceased

3

requiring the mandatory pooling of tips.

Doc. 34 at 13.

For the reasons set forth in the motion for preliminary approval, Doc. 42, and as set forth on the record on July 17, 2024, I recommend finding that the requirements under the FLSA and Federal Rule of Civil Procedure 23(a) are satisfied as to the settlement class. The named Plaintiff possesses standing; the proposed settlement class is adequately defined and ascertainable; the class is sufficiently numerous that joinder of all settlement class members is impracticable; there are questions of law and fact common to the settlement class; Plaintiff's claims are typical of the settlement class; and both Plaintiff and class counsel are adequate representatives of the settlement class and have fairly and adequately protected the interests of the settlement class. Additionally, I recommend finding that the settlement class is certifiable under Rule 23(b)(3) because common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue. Doc. 42; Doc. 34 at 16-18.

Second, under Rule 23(e)(2) and pursuant to the factors articulated in *Rutter & Wilbanks Corp. v. Shell Oil Corp.*, 314 F.3d 1180, 1188 (10th Cir. 2002), I recommend that Court grant final approval of the proposed settlement as fair, adequate, and reasonable. The settlement was fairly and honestly negotiated and was entered into in good faith following arm's length negotiations before a neutral mediator and continued negotiations after the mediation. The parties faced significant litigation risk and Defendants asserted robust defenses. *E.g.*, Doc. 42 at 11-12. The settlement is in the best interest of the settlement class as the value of immediate recovery outweighs the possibility of future relief after additional litigation and expense. The benefit to the class is considerable given the legal obstacles the class members faced. The potential recovery to individual class members has always been modest. Therefore, few, if any, class members would have received any recovery absent the present lawsuit. As an added benefit

uncommon in class actions, this settlement has the benefit of being administered in the form of checks, such that class members will receive a check they can simply cash rather than a claim form they must fill out and return. As a result, participation by putative class members will be significantly higher than in most class actions.

I previously questioned whether the settlement treats class members equitably relative to each other. Doc. 40 at 2. The New Mexico class members had the potential to recover liquidated damages under the NMWMA in an amount equal to two times the backpay damages. Doc. 42 at 15. The FLSA, the only cause of action brought by the Colorado plaintiffs, only provides for damages in an amount equal to the backpay. However, arguably, the New Mexico Class has higher hurdles to clear in proving a violation of the NMMWA than in proving violations of the FLSA. *Id.* at 16. On balance, it appears the New Mexico and Colorado plaintiffs are similarly situated and so the settlement agreement properly treats them similarly.

Third, I recommend that the Court approve the form, content, and manner of the settlement class notice because it complies with both the Federal Rules and due process. Doc. 102 at 8:3-17. The notice plan and class notice constitutes the best notice practicable under the circumstances, and constitute valid, due, and sufficient notice to members of the settlement class. Doc. 42 at 4-5. The settlement administrator investigated any returned mail from the addresses provided by Defendants, and only 11 notices remain undeliverable at this time. *Id.* at 5. I recommend the Court find this constitutes the best notice practicable.

In addition to the required notice to class members, 28 U.S.C. § 1715 requires notice of information regarding the settlement to the appropriate State and Federal official. 28 U.S.C. § 1715(b) ("Not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate

State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consisting of . . ." information about the class action, the settlement, and upcoming proceedings). Defendants have complied with § 1715's notice requirements. Doc. 44.

The Tenth Circuit has held that where a settlement agreement has a "clear sailing" provision in which a defendant agrees not to oppose a request for attorneys' fees and a "kicker" provision where any award of attorneys' fees less than what plaintiff requested reverts to the defendant rather than the class, heightened scrutiny applies. *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 997 F.3d 1077, 1080 (10th Cir. 2021). Because the parties do not represent that any money for attorneys' fees less than 1/3 would be distributed among the plaintiffs, I assume that the Court must review this settlement agreement with heightened scrutiny. For the reasons stated on the record on July 17, I recommend the Court find the agreement passes heightened scrutiny. The use of a neutral mediator and the fact that no agreement on attorneys' fees was reached until after the parties agreed to the mediator's number reduces any concern that the settlement is the product of collusion between the attorneys that is not in the best interest of the class.

In sum, there are no objections to the proposed settlement,[1] and I recommend that the Court find that the settlement, the settlement agreement, and a subsequent final judgment to be fair, reasonable and adequate, and binding as to all class members. There were no opt-outs. Doc. 42 at 5.

---

[1] Counsel confirmed at the fairness hearing that there were no objectors or any class members wishing to be heard at the hearing. Doc. 44.

Finally, I recommend the Court grant the motion for attorney's fees. Doc. 43. I agree with the parties' characterization of this settlement as a common fund agreement because the Defendants agreed to pay a certain amount which was then to be divided among class members and counsel. *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1191 (10th Cir. 2023). The Tenth Circuit has expressed a preference for the percentage-of-the-fund approach in common fund cases. *Id.* at 1193. Plaintiff's counsel's request for one-third of the common fund in attorney's fees is reasonable in light of the value obtained for the class. *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1264 (10th Cir. 2023). I further note the amount is confirmed to be reasonable by cross-checking it with a lodestar figure. The percentage-of-the-fund method results in an amount that is less than the lodestar information submitted by counsel. Doc. 43 at 12. And, even if the Court were to reduce the attorneys' fees requested, the lodestar cross-check does not indicate that a one-third contingency fee is unreasonable. Accordingly, I recommend the Court find the requested fee to be reasonable, and supported by the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as analyzed on the record at the fairness hearing. Similarly, for the reasons stated on the record, I recommend the Court approve the requested incentive award to the named class representative in the amount of $10,000. Doc. 42 at 17.

## **CONCLUSION**

The parties specifically requested that the Court enter several findings which I recommend that the Court adopt:

1. A bona fide legal dispute between the Parties exists as to whether Settlement Class Members are owed any wages or redistributed tips; that is, whether statutory damages exist;

2. The settlement agreement, including all information contained in the Settlement

Notice, should be approved as fair, reasonable, adequate, and binding on all Settlement Class Members who have not timely opted out of the Settlement;

3. The procedure for Defendants to pay the Settlement Amount along with the employer's share of payroll taxes into the Qualified Settlement Fund ("QSF") as described in the Agreement should be approved;

4. The Administration of the QSF as described in the Agreement should be approved;

5. The claims of the Named Plaintiff, Opt-In Plaintiffs, and the New Mexico Class Members who have not timely opted out of the Settlement should be dismissed with prejudice;

6. The Attorneys' Fees and Litigation Expenses set forth in the Agreement should be approved;

7. The Service Award set forth in the Agreement should be approved;

8. The Settlement Administration Costs to the Settlement Administrator in an amount not to exceed $9,285.00 as set forth in the Agreement should be approved;

9. A class comprising the New Mexico Class as defined in the Parties' Agreement should be certified for settlement purposes only pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; and

10. The Court should retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

_____
Steven C. Yarbrough
United States Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**